HENRY v. HUG, *Appellant.*

**Wife's Sale of Husband's Personality**: MITIGATION OF DAMAGES. In an action to recover exemplary damages for killing plaintiff's cow, the court excluded evidence of a sale of the cow to defendant by plaintiff's wife; *Held,* error; 1st, Because there was evidence that plaintiff ratified the sale; 2nd, Because, if defendant believed he had acquired ownership by purchase from the wife it was a circumstance in mitigation of damages.

*Appeal from Jefferson Circuit Court* —HON. L. F. DINNING, Judge.

REVERSED.

*Williams & Green* for appellant.

*Dinning & Byrns* for respondent.

HENRY, J.—Plaintiff sued in a justice's court, to recover damages for the alleged unlawful and wrongful killing of his cow by the defendant. He obtained judgment before the justice, and again in the circuit court of Jefferson county, and defendant has appealed to this court.

On the trial in the circuit court it was proved that defendant killed the cow and sold her at his butcher's shop for beef. In his own behalf he testified that he purchased the cow of plaintiff's wife, in October, 1876, and that one Cutlett kept her for him that winter in his stock-field with other cattle, within one-half mile of plaintiff's residence. It appears from the evidence that plaintiff made no inquiry or search for his cow until in the winter of 1876, and in the following spring learned from defendant that he had killed her. Plaintiff in his testimony denied that his wife sold or was authorized to sell the cow. Defendant offered to prove by one Straub, that plaintiff's wife sold the cow to the defendant, but the court refused to admit the evidence.

Whether the plaintiff's wife was authorized to sell the

cow or not, is wholly immaterial, if, after the sale by her, her husband ratified it; and such ratification may be expressly made, or may be inferred from circumstances proved. Without determining whether the circumstances relied upon here are sufficient to establish a ratification or not, it is sufficient to say, that they tended to prove plaintiff's knowledge and approval of the sale, and were a sufficient foundation for the introduction of evidence that Mrs. Henry sold the cow to the defendant. Defendant had been permitted to testify to that fact, but that he had done so, was not sufficient ground for excluding the testimony of a disinterested witness to the same fact.

The evidence was admissible for another reason. Plaintiff sought to recover exemplary or vindictive damages against defendant, and instructions on that subject were given by the court, at plaintiff's instance; and that defendant killed the cow as his own, believing that he had acquired the ownership by purchase from the wife, the jury might properly have considered as a mitigating circumstance.

We have discovered no error in instructions given, and none in the refusal of any asked. For the error above indicated, all concurring, the judgment is reversed and the cause remanded.