### William B. Morrow v. Clovis Carnes, by His Next Friend.

1. MALICIOUS PROSECUTION—*Evidence of Attorney's Advice May be Given in Defense.*—Where one is sued for maliciously commencing a criminal prosecution against another, he may show that he made a full disclosure of all the facts to a reputable attorney and acted upon his advice, notwithstanding it may appear that the party accused is not guilty.

**Malicious Prosecution.**—Error to the Circuit Court of Edgar County; the Hon. FRANK K. DUNN, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

H. S. TANNER, J. W. SHEPHERD and F. C. VAN SELLAR, attorneys for appellant.

F. W. DUNDAS, attorney for appellee; F. T. O'HAIR and J. W. HOWELL, of counsel.

Mr. Justice Harker delivered the opinion of the court.

In a suit for malicious prosecution and false imprisonment, the defendant in error recovered a judgment against the plaintiff in error for $1,000.

The foundation of the suit was the institution of preliminary proceedings before a justice of the peace, charging the defendant in error with the crime of larceny, on which he was arrested and was dismissed for want of prosecution. The evidence in the record discloses the following state of facts: At a public sale made under the order of the County Court, Morrow became the purchaser of eighty acres of land, on which Virginia Carnes, the widow of George P. Carnes, and her children, lived. Soon after the sale, Mrs. Carnes and her children moved from the place, but left behind them a number of articles of personal property, among which were 6,500 bailed shingles stacked in a coal shed. Mrs. Carnes had purchased the shingles with a view to re-roofing the dwelling-house, under the belief that she would be able to retain the place. She did not use them when it became evident that she could not keep the place, and after moving, she arranged with the lumberman from whom she had bought them, to sell them back to him. She sent her son Clovis, and his brother, with a wagon and team after them. The boys found the farm in the possession of Morrow's hired man and family. The shingles were removed without protest from the hired man and were hauled to Newman, to be delivered to the lumberman.

Morrow disputed the right of Mrs. Carnes to the shingles and, on the day following, swore out from T. J. Coffman, a justice of the peace, a warrant for the boys upon a charge of larceny. They were arrested and taken before the justice, but Morrow, after the boys had been in the justice's custody for several hours, declined further to prosecute and the boys were discharged. It is clear that the shingles belonged to Mrs. Carnes and there was no foundation for a charge of larceny against her boys for removing them under her instructions. We are com-

pelled to reverse the judgment because of an error of the trial court in ruling upon the admissibility of testimony.

In his defense, Morrow offered to prove that before he made the complaint on which the criminal warrant issued, he sought the advice of T. J. Coffman, a respectable, licensed attorney, who had been practicing in Edgar county for seventeen years. He offered to show what statement he made to Coffman as an attorney and that he acted upon his advice.

The court sustained an objection to the offered testimony.

Whether the objection was sustained upon the ground that Coffman entertained the complaint and issued the warrant as a justice of the peace, or because the conduct of Morrow was such as to preclude all idea that he sought advice in good faith, the ruling was erroneous. Where one is sued for maliciously commencing a criminal prosecution against another, it has been uniformly held in this state that he may show that he made a full disclosure of all the facts to a reputable licensed attorney and acted upon his advice, notwithstanding it may appear that the party accused is not guilty. He is entitled to such proof for the purpose of showing that he had probable cause for commencing the criminal proceeding and to show that he was not actuated by malice. The mere fact that he sought such advice and acted upon it does not constitute a complete defense, of course. The advice must be sought, given and acted upon in good faith, but that is always a question for the jury. The court has no right to exclude the proof because the conduct of the defendant has been so outrageous as to preclude from his mind all idea that the criminal proceeding was commenced in good faith. Nor could it make any difference that the attorney who gave the advice was a justice of the peace, and after giving it, issued a warrant. That fact could only be considered as affecting the good faith of the matter and in the determination of whether the advice was given as that of an attorney.

We see no other error in the record, but because of this one, the judgment will be reversed and the cause remanded.