## Madeline Harris by Mary E. Harris, Appellee, v. Fred Schlink, Appellant.

### Gen. No. 6,196.

1. TRIAL, § 68*—*when party not required to state facts to be proved by answer to question.* Where a question is in proper form and clearly admits of an answer relative to the issue and favorable to the party on whose side the witness is called, the party is not bound to state the facts proposed to be proved by the answer unless the court requires him to do so.

2. FALSE IMPRISONMENT, § 35*—*when evidence admissible in mitigation of exemplary damages.* In an action by a girl fourteen years of age for damages for false imprisonment by a saloon keeper who detained her and turned her over to the police while she, with a party of children, was passing defendant's saloon, and some one had thrown open the door of the saloon and broken the glass, *held* that evidence that defendant had been instructed, upon a prior complaint to a policeman, to catch parties making disturbances and get their names or send them to the police station, and that he would see that the disturbances were stopped, was admissible in evidence in mitigation of exemplary damages.

3. APPEAL AND ERROR, § 1523*—*when error in instruction harmless.* In an action by a child for damages for false imprisonment, any error in an instruction on the right of a private person to make an arrest for a crime committed or attempted in his presence, *held* harmless where there was little question as to the right of the defendant to arrest and detain the plaintiff.

4. INSTRUCTIONS, § 155*—*when method of modification to be condemned.* The practice of modifying instructions, leaving the part struck out so that the jury can read it, is to be condemned.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed February 8, 1916.

JOHN B. KING and LEO G. HANA, for appellant.

DAILEY & MILLER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE CARNES delivered the opinion of the court.

April 1, 1914, Fred Schlink, the appellant, conducted a saloon in Peoria. There had been a children's party in the neighborhood that evening, and about ten o'clock they were on their way home by circuitous routes, loitering, laughing and playing after the manner of children. Several of them, including Madeline Harris, the appellee, a girl fourteen years old, passed appellant's saloon. Another smaller party of children appeared at that point about the same time. Some one violently threw open the front door of the saloon, breaking the glass. Appellant was sitting in a rear room with a retail merchant of the vicinity. He rushed out of doors. The children ran. He caught Madeline and led her back to the saloon and sent for the police patrol wagon which came and took her to the police station. Appellant meantime telephoned the police station that he only wanted to teach the children a lesson and to lecture her and let her go, which was done. This action was brought to recover for that injury. A jury returned a verdict in favor of plaintiff for $2,250. The court required a remittitur of $1,000 and entered judgment for $1,250 and costs. The defendant prosecutes this appeal and urges that the evidence does not support the verdict; that the court erred in excluding evidence offered by the defendant, and in instructions to the jury, and that the verdict is excessive.

There is some evidence that appellant had before been annoyed and troubled by children trespassing upon his property; that he had complained to a policeman about it and had been told by him to catch the parties and get their names, or send them into the station, and that he would see that the disturbances were stopped; and while the evidence fairly shows that Madeline, the appellee, was not guilty of any trespass on defendant's property, and that there was no valid

reason for his seizing and detaining her, and that his action in so doing was hasty and foolish, still a very material consideration is what cause, if any, was there for his acting in the manner that he did. The girl was not injured apparently more than would naturally result from being caught and struggling to get away, and being frightened. It is not clear from the evidence how much she was injured, and what were the after effects; but there is no question that the verdict was much beyond what could reasonably be found even including exemplary damages, and it is peculiarly a case where a jury would be much influenced by what might seem to them outrageous conduct of the defendant. It was therefore very material to appellant that he be permitted, within the rules of evidence, to show anything he could by way of excuse for his action in defense of exemplary damages. He produced the police officer above mentioned as a witness, and offered to prove by him the conversation before stated. The court sustained an objection to this testimony. Appellant afterwards, as a witness in his own behalf, was permitted to testify to the conversation and it was not contradicted, still it probably did not impress the jury so much as if it had been stated by the officer. While appellant was testifying in his own behalf, in speaking of the throwing open of the door to his saloon, he was asked how many times that occurrence had taken place that same night. This question was objected to as incompetent and immaterial; which objection the court sustained on the statement by appellant's counsel that he could not show that it was done by the plaintiff or those parties. He was then asked: "Was there a disturbance at your front door more than one time that night?" and: "Were there three or four disturbances at your front door on that same evening?" his counsel stating that the testimony was offered to show want of malice. Objections were sustained to each of these

questions. While there was no statement by counsel of what answer was expected, still under the authority of the late case of *Hartnett v. Boston Store of Chicago,* 265 Ill. 331, where it is said: "Where a question shows the purpose and materiality of evidence it is not necessary to state what the answer would be. If a question is in proper form and clearly admits of an answer relative to the issue and favorable to the party on whose side the witness is called, the party is not bound to state the facts proposed to be proved by the answer unless the court requires him to do so. (38 Cyc. 1330; *Buckstaff v. Russell & Co.,* 151 U. S. 626)," such statement was not necessary.

This action of the court is properly presented here for review. If the rules of evidence permit that character of proof, there is little reason to doubt that its rejection was substantial and material error.

In *Roth v. Smith,* 41 Ill. 314, the defendant proved he was advised by persons not lawyers to make the affidavit under which plaintiff was arrested, and the court held this evidence competent, and said: "For the purpose of showing that he was not actuated by vindictive feelings, this evidence was proper, and if proper for any purpose it should always be admitted." This ruling of the court was cited and approved in *Cochrane v. Tuttle,* 75 Ill. 361. It was cited in *Merrifield v. Davis,* 130 Ill. App. 162, along with *Donnelly v. Harris,* 41 Ill. 126, in support of the conclusion of the court that evidence was improperly excluded that would not be competent in bar of the action, but was competent in mitigation of exemplary damages. It was held in the *Donnelly* case, *supra,* that while words do not justify an assault or false imprisonment, and will not mitigate the actual damages, they may be considered on the question of vindictive damages. In the present case, vindictive damages were asked and evidently given by the jury, therefore the general rule admitting evidence that is not competent in bar of the

action applies. The case of *Klein v. Pollard*, 149 Mich. 200, 10 L. R. A. (N. S.) 1008, is somewhat in point. It was an action against a police officer for the unlawful arrest of a woman who had come out of a saloon at midnight and was walking along the street. There was no reason for her arrest, but the defendant offered in evidence his instructions from his superior officers to go to that saloon every evening because it was disorderly and prostitutes frequented it. It was held that these instructions did not constitute a defense to actual damages, but as they tended to show the good faith of the defendant they were admissible in mitigation of damages. In *Schultz v. Frankfort Marine, Accident & Plate Glass Ins. Co.*, 151 Wis. 537, the defendants were guilty of an unlawful interference with the liberty of the plaintiff in endeavoring to prevent him from leaving town, and it was held that while their motives for so preventing him might be to detain him until it could be ascertained whether he should be arrested were no defense to the action, that it was competent to give that matter in evidence in mitigation of damages; that if they mistakenly thought they were performing a legal duty, or that the plaintiff's reputation was so bad that their action was not likely to injure him in any great degree, that should be taken into consideration in mitigation of damages. In *Henry v. Hug*, 76 Mo. 342, defendant was sued for unlawfully and wrongfully killing the plaintiff's cow, and he offered to prove that the plaintiff's wife sold him the cow, which evidence was rejected by the trial court. The Supreme Court said the evidence was admissible on the question of exemplary damages, it being material on that question whether defendant believed that he had acquired the ownership of the cow. In *Camp v. Camp*, 59 Vt. 667, which was an action for damages for cutting and carrying away grass, and building a fence on the plaintiff's land, the action of fence viewers in establishing the line was relied on as a defense, and it was held they

had no official authority to do so. The trial court had excluded testimony as to their action, and it was held that as exemplary damages were asked and included in the verdict, the excluded testimony was material and admissible as bearing on that question as tending to show the motive under which the defendant acted, and it was said: "The plaintiff may show that the act was done with express malice; on the other hand, the defendant is entitled to the benefit of any facts and circumstances tending to show that he acted in good faith."

We are of the opinion that there was prejudicial and reversible error in excluding the testimony before referred to, and for that reason the judgment should be reversed and the cause remanded.

It is urged that the court erred in its instructions to the jury in regard to the right of a private person to make an arrest where a crime is attempted or committed in his presence; in modifying certain instructions by striking out certain parts, leaving them legible so that the jury could readily see what he had refused to state as the law; in repeatedly calling the jury's attention to their right to give exemplary damages; and in permitting the question of exemplary damages to go to the jury. As we have concluded to reverse the judgment for the reasons before stated, we will not pass on these questions further than to say that we think on the record before us there was a question of exemplary damages for the jury, and there was so little question of the right of the defendant to arrest and detain the plaintiff that there is no substantial error in the instructions as to that. The practice of modifying instructions, leaving the part struck out so that the jury can read it, has been condemned. But if that occurred here it will probably not occur on another trial. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice Niehaus took no part.