**Edward Green, Plaintiff-Appellant, v. No. 35 Check Exchange, Inc., a Corporation, Defendant-Appellee.**

**Gen. No. 50,460.**

First District, Fourth Division.

October 28, 1966.

Thomas Benz and James P. Chapman, of Chicago, for appellant.

Robbins and Gassel, of Chicago (Harry G. Fins, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

On December 30, 1959, the plaintiff filed a complaint in two counts: Count I for malicious prosecution, and Count II for false imprisonment. On his own motion the plaintiff struck the count for malicious prosecution, leaving only the count for false imprisonment. At the close of all the evidence the court directed a verdict in favor of the defendant, and judgment was entered on the verdict on October 15, 1964. At the same time the court denied the plaintiff's motion for a directed verdict in his favor. The plaintiff's post-trial motion was denied, and the plaintiff takes this appeal from the judgment and orders of the trial court.

In the second count of the complaint, based on false imprisonment, the plaintiff alleges among other things that the defendant, through its agents and servants, accused the plaintiff in the presence of one or more police officers of the city of Chicago of committing one or more felonies, and that the said police officer or officers, by reason of the charges preferred by the defendant "through its agents and servants, and at the request of said defendant, through its agents, did arrest and seize the body of plaintiff," and that plaintiff was deprived of his liberty for an extended period of time. The plaintiff denies that he is guilty of any of the charges and states that he was subsequently, on May 12, 1959, after a trial, discharged in the Criminal Court of Cook County.

In its answer the defendant "admits that at the time and date stated in said paragraph, it charged and accused the Plaintiff with committing one or more of the said felonies and that the Plaintiff was then and there arrested and detained to answer said charges, . . ." and denies all the other allegations set forth in the paragraph. In its brief in this court the defendant states as its theory of the case that:

1) The plaintiff was arrested by the police, not by the defendant, and the arrest by the police was valid;

26

2) Since the arrest by the police officer was valid and a judge bound the plaintiff over to the grand jury which indicted him, the plaintiff's cause of action, if any, by virtue of the fact that he was found on a trial not guilty beyond a reasonable doubt, should have been malicious prosecution, not false imprisonment.

These are the only points set out in its brief. In support of its contention the defendant cites Watkins v. Sullivan, 11 Ill App2d 134, 136 NE2d 528; People v. Jones, 16 Ill2d 569, 158 NE2d 773; and People v. Fiorito, 19 Ill 2d 246, 166 NE2d 606, all of which cases deal with the question of suits against a police officer for false arrest. The defendant also cites Goodman v. Frank and Seder of Plula, Inc., 70 Pa D & C 622, in which case the charge was found to be one of malicious prosecution, and in which the court distinguished between malicious prosecution and false imprisonment, sustaining the contention of the defendant that since the action was one for malicious prosecution it was barred by the one-year limitation statute. It is difficult to see how this case is at all applicable to the case before us.

Section 57 of the Criminal Code (Ill Rev Stats, 1957, c 38, § 657) which was applicable at the time of the arrest of plaintiff provided as follows:

> "An arrest may be made by an officer or by a private person without warrant, for a criminal offense committed or attempted in his presence, and by an officer, when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it."

In Dodds v. Board, 43 Ill 95, an early case, the court set out a rule of law with reference to false arrest which is still the law in Illinois. The court said:

"This plea seeks to justify the arrest upon the ground that plaintiffs in error suspected defendant in error of being guilty of a larceny, and had for that reason induced a constable to make the arrest without a warrant. To hold this plea good, as a justification to the persons causing the arrest, would be to hold that private individuals might arrest on probable cause to believe that the party was guilty, as the arrest thus caused is, in principle, precisely the same as if the arrest had been made by a private person. The mere fact that they induced even an officer, without a warrant, to make the arrest does not protect them. They do not act under the direction of the officer, but he under theirs. While in such a case the officer, acting upon facts reasonably calculated to raise the presumption of guilt, would no doubt be protected, the party causing him to make the arrest would not be unless guilt were shown. There are, no doubt, cases which hold that private individuals may arrest on probable cause, but there are authorities which hold the contrary rule. And in the conflict of authority we are left free to adopt the rule which seems to be most consonant with reason and the public interest. And, to prevent breaches of the peace, and even bloodshed, we think that a private individual should not be justified, unless a crime has been committed and the person arrested shall be shown to be the guilty party. . . ."

In Enright v. Gibson, 219 Ill 550, 76 NE 689, a suit brought for false imprisonment, the facts were that the plaintiff was in charge of certain books for defendant's employment agency. One night plaintiff took home an agency book containing the names and addresses of persons seeking office help, allegedly for the purpose of sewing covers on the index. Defendant suspected that plaintiff had taken the book in order to copy the names

and supply them to his competitors. When the plaintiff returned to the agency with the book she attempted to explain to defendant what she had done with it, but defendant did not listen and instead, called the police, then directed the officers to arrest the plaintiff. She was arrested and taken to the police station where she was confined over night. The next morning the defendant signed a complaint charging plaintiff with larceny of the book. The plaintiff was discharged following a trial, and she sued the defendant for false imprisonment and recovered a judgment. On appeal the defendant argued that the trial court erroneously failed to instruct the jury that good faith by defendant and probable cause were a defense to the charge of false imprisonment. The court distinguished the rights of a private citizen and a police officer in causing an arrest under the statute (substantially the same as sec 57 of Criminal Code) and said:

> "From the reading of this statute it would seem that there is pointed out a distinction between the power of a citizen to make an arrest and that of an officer. A citizen may arrest when an offense is committed or attempted to be committed in his presence; so, too, may an officer under the same circumstances. But an officer may also arrest where the criminal offense has in fact been committed and he has reasonable grounds for believing the person arrested has committed it. But this latter power is not extended to a citizen by the statute. . . ."

The court held that if a private citizen induces an officer to make an arrest without a warrant *the citizen in a subsequent false arrest action must prove that a crime has in fact been committed or attempted and that the person arrested was guilty of the crime.* Also see Markey v. Griffin, 109 Ill App 212.

Lindquist v. Friedman's Inc., 366 Ill 232, 8 NE2d 625, was a case where the plaintiff tendered to the defendant a counterfeit $5 bill in payment for a purchase. The defendant called the police who arrested the plaintiff and took her to the police station. In that case the court said:

> "We cannot agree with appellants in their contention that appellees were not falsely arrested and imprisoned by or at the instigation of appellants. In our State a citizen is not permitted to take the law into his own hands and to arrest another upon suspicion or even upon probable cause. Where a citizen has knowledge that a crime has been committed it is his duty to make a complaint before a magistrate and in his complaint he should state that the particular crime has been committed and he may state, on information and belief, that the person named is the offender. The magistrate thereupon issues his warrant for the arrest of the accused. That course affords protection to the person making complaint, the arresting officer and the person arrested. To permit a private citizen, without observing the formal requirements enumerated, to become a self-constituted officer and jailer upon mere suspicion of the guilt of the accused person, or even upon probable cause to believe such person guilty, would result in more and greater evils than the possible escape of the few guilty persons occasioned by delay in obtaining warrants and officers to serve them."

The court further said that in a false imprisonment case all that is necessary is to show that the defendant in any manner restrained the liberty of the plaintiff without sufficient legal authority.

Under the rule of law existent at the time of the arrest in the instant case, a private individual was not justified in making an arrest unless a criminal offense had been

committed in his presence. Miss Abrams' testimony on behalf of the defendant is that on October 9, 1958, the plaintiff presented the check in question at No. 35 Check Exchange, at which time the check bore the name of the plaintiff as endorser. Miss Abrams testified that she did not see him sign the check, nor is there any evidence in the record that the signature of the endorser was the actual signature of plaintiff. Miss Abrams further testified that when plaintiff came into the exchange she communicated with Mr. Allen Kite, the president of the exchange, who told her to call the police and have the plaintiff arrested. She stated that she called the police and when they arrived she told them she had a man in the lobby who had cashed a forged or bad check with her; that the police talked with the plaintiff and took him away.

Police Officer Alfred Haire testified that he was called to the currency exchange and was met there by Miss Abrams who informed him the plaintiff had cashed a bad check and that he was "to be locked up because he was the same man who had cashed the bad check." He stated that Miss Abrams pointed out the plaintiff to him and that he relied solely on what she and the other clerks told him.

The plaintiff corroborated the testimony of Miss Abrams as to what happened when he went into the exchange on December 18, 1958, and stated that he went there attempting to cash an unemployment check which he had first tried to cash at another currency exchange where he did not have a signature card; that he told the clerk he had a signature card at No. 35 Check Exchange, and when the employee called regarding it she was told by Miss Abrams that the plaintiff was wanted as a forger on a check which had been drawn on a closed account. The plaintiff testified that when he was informed of this he went to the No. 35 Check Exchange. He denied that he was at the currency exchange in October 1958 and

31

denied that he had ever seen the check before. The check in question had been returned to No. 35 Check Exchange with the stamped notation "Account Closed."

■ Later in the day, after the arrest of the plaintiff, Kite went to the police station and signed a complaint. The plaintiff was indicted for confidence game. The lawyer who represented the plaintiff in the case testified that after being tried before a jury in the Criminal Division of the Circuit Court he was discharged. The uncontradicted evidence is that the plaintiff was arrested by the police officers under and through the directions of Kite, acting through Miss Abrams, an employee of No. 35 Check Exchange. Where one party acting for himself and his employer causes the unwarranted arrest of a third person a single wrongful act is committed. Aldridge v. Fox, 348 Ill App 96, 108 NE2d 139.

■ The law is that in considering a motion to direct a verdict the court must consider only the evidence favorable to the case of the resisting party, together with all reasonable intendments which may be drawn therefrom in his favor. On the record it has been proved that the arrest was made by No. 35 Check Exchange, Inc., acting through its agents. It has also been proved by the discharge of the plaintiff in the Criminal Court that at the time in question he was not committing or attempting to commit a crime in the presence of any of the said agents.

■ The order of the trial court directing a verdict for the defendant was error, as was its refusal to direct a verdict for the plaintiff. The case is reversed and remanded to the trial court with directions to enter a finding in favor of plaintiff on the issue of liability, and for further proceedings on the question of damages only.

Reversed and remanded with directions.

DRUCKER, P. J. and ENGLISH, J., concur.