**Blanche Wright, Plaintiff-Appellee, v. Lawrence J. Young, Defendant-Appellant.**

**Gen. No. 53,492.**

First District, First Division.

August 17, 1970.

John S. Charone, of Chicago, for appellant.

Westbrooks, Holman and E. F. Johnson, of Chicago (Claude W. B. Holman, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

This is an appeal from a judgment on a jury's verdict in the amount of $2,000 and costs for Blanche Wright, plaintiff, in a suit for damages for an alleged false arrest for receiving stolen property of the value of $50. Motions for a new trial and for judgment non obstante veredicto were denied. On August 13, 1957, plaintiff, at the suggestion of one Ella Scrutchings, came to the defendant to purchase a fur coat. Defendant claimed that after plaintiff left, he noticed that one of his coats was missing. After some discussions with Ella Scrutchings and the plaintiff, the defendant sought the advice of an attorney and thereafter on January 22, 1958, procured a warrant for the plaintiff's arrest. Several months later, on October 21, 1958, the plaintiff was discharged and the cause dismissed for want of prosecution.

Defendant claims on appeal that at the time of the hearing of said criminal complaint, all the parties appeared in open court, were represented by their attorneys and after a conference, the plaintiff, Blanche Wright, agreed to return the coat. Defendant further claims that the dismissal order was erroneously entered. On August 2, 1960, plaintiff filed the instant suit in

■

which defendant demanded a jury trial. Defendant also claims on appeal that he had probable cause for the warrant and that it was his attorney's opinion that defendant had ample grounds for causing a warrant to issue; that the jury's verdict was against the manifest weight of the evidence and that the trial court erred in not entering judgment for the appellant notwithstanding the verdict or in the alternative, grant a new trial.

Defendant relies on the holding in Galarza v. Sprague, 284 Ill App 254, 1 NE2d 275 (1936). In that case, the court stated as follows at page 259:

> "It is the law that when one in good faith submits facts fairly to an attorney of standing or to a judge, obtains advice as to whether a person who is supposed to have committed an offense should be prosecuted and, acting upon such advice, institutes proceedings of a criminal or quasi-criminal nature against the party, such facts will constitute a complete defense to an action for false arrest and malicious prosecution, although the person charged is not, in fact, guilty."

In Lyons v. Kanter, 285 Ill 336, 120 NE 764 (1918), the court reminds us on page 340:

> "The defense that the prosecution was initiated upon the advice of counsel is based on a full and truthful disclosure to counsel of all the facts within the knowledge of the prosecutor. [Citations omitted.] The defendants testified to such disclosure, but the plaintiff's testimony as to material facts, of which the defendants had knowledge, was contradictory to that of the defendants, and if his testimony was true the disclosures of the defendants to their counsel was untrue. There was therefore a question of fact which precluded the giving of the peremptory instruction and which it is not our province to determine."

102

In Froemke v. Massman, 215 Ill App 86 (1919), at page 89, the court stated:

> "To justify by advice of counsel the defendant must show that he stated to such counsel all the facts bearing upon the guilt or innocence of the accused in good faith. The making of an exaggerated or incorrect statement or the withholding of any material fact is inconsistent with probable cause. It is incumbent upon the defendant to show what information was given to his counsel, so that the jury may determine whether it was a full, truthful and correct statement of all the facts."

Applying the guidelines pointed out by the courts in the above decisions to the issues in the instant case, we come to the conclusion that the basic question here was one of credibility of the witnesses, which is for the jury to decide. The record here presents many conflicts in the testimony and leaves one in a state of confusion. Was Ella Scrutchings an employee of the defendant Young? Did the plaintiff, Wright, drive her automobile when she came to Young's store or home? Did Young sell the plaintiff, Wright, a coat which did not belong to him? Was his attorney properly and fully advised of all the facts relating to the disappearance of the coat? Was the criminal charge against the plaintiff, which was dismissed for want of prosecution, the result of an agreement and compromise between the parties? The record shows that there was a dispute as to the alleged agreement, and it was a factual question which was properly submitted to the jury. The jury's decision in a case involving disputed factual questions should not be set aside unless it "is palpably erroneous and wholly unwarranted from the manifest weight of the evidence." Hamas v. Payne, 107 Ill App2d 316, 246 NE2d 1 (1969).

We conclude that a thorough examination of the record compels us to hold that the verdict of the jury

was not against the manifest weight of the law and evidence and the trial court did not err in denying the defendant's post-trial motion seeking a new trial or a judgment n. o. v.

Since we are affirming the judgment of the trial court, it will be unnecessary to consider plaintiff's request that defendant's brief be stricken because it violates Supreme Court Rule 341(e)(6), (7).

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.