**Richard ODORIZZI, Plaintiff-Appellant,**

v.

**A. O. SMITH CORPORATION and Pinkerton's, Inc., Defendants-Appellees.**

No. 18865.

United States Court of Appeals,
Seventh Circuit.

Oct. 19, 1971.

Joseph Cohn, Cohn, Korein, Kunin & Brennan, East St. Louis, Ill., for plaintiff-appellant.

Roy W. Strawn, Hugh M. Talbert, Chapman, Strawn, Kinder, Talbert & Chapman, Granite City, Ill., for defendant-appellee Pinkerton's, Inc.

Leo H. Konzen, Lueders, Robertson & Konzen, Granite City, Ill., for defendant-appellee A. O. Smith Corp.

Before SWYGERT, Chief Judge, and CUMMINGS and SPRECHER, Circuit Judges.

PER CURIAM.

In this diversity action,[1] plaintiff sued his employer, A. O. Smith Corp., and Pinkerton's, Inc. for defamation and false imprisonment. At the end of plaintiff's evidence, the trial judge sustained defendants' motion for a directed verdict on the defamation count. He allowed the false-imprisonment count to go to the jury, which returned a verdict for plaintiff against A. O. Smith ($5,000 actual and $20,000 punitive damages) and against Pinkerton's ($15,000 punitive damages). Plaintiff appeals from the trial court's grant of defendants' motion for judgment *n. o. v.* on the false-imprisonment count.

Plaintiff had worked at A. O. Smith in Granite City, Illinois, since 1954. In 1965 a problem arose at A. O. Smith with the disappearance of some 16 payroll checks. In August A. O. Smith hired Pinkerton's to investigate the thefts. By checking personnel records and ascertaining which employees had access to the payroll checks, the Pinkerton agents focused their suspicions on a small number of employees, one of whom was plaintiff.

---

1. The suit was removed from the Circuit Court of Madison County by A. O. Smith, which is incorporated in New York and has its principal place of business in Wisconsin, and by Pinkerton's, which is a Delaware corporation with its main office in New York. Plaintiff is an Illinois resident.

Late in 1965 the personnel manager of A. O. Smith called plaintiff to his office during working hours. A Pinkerton agent interviewed plaintiff for about an hour and took handwriting samples and a written statement from him.

During the fall the Granite City police received complaints from merchants who had received forged A. O. Smith payroll checks. At some point in their investigation, the police met with A. O. Smith and Pinkerton employees. The record does not indicate exactly when or at whose instigation these meetings occurred. Pinkerton's gave the police five photographs, from which two merchants tentatively identified plaintiff as the man who had cashed the forged checks. Besides the identifications, the police had some sort of report from Pinkerton's that plaintiff's handwriting was similar to that on one of the forged checks.

On December 21, 1965, two Granite City police officers went to the A. O. Smith plant, had plaintiff called to the personnel manager's office and took him to the police station. The police officers interrogated plaintiff, and fingerprinted and photographed him. Plaintiff was at the station about an hour and a half, and then returned to work. Several days later he appeared at the station for a lineup and a lie-detector test. No charges were ever filed against him.

 Assuming the police alone were responsible for the arrest, it was not a false one. A crime had been committed, and the police had probable cause—based on the identifications and the handwriting report—to believe plaintiff was the guilty party. Shelton v. Barry, 328 Ill.App. 497, 66 N.E.2d 697 (1946). But under Illinois law, a private citizen who procures an arrest must prove the guilt of the person arrested or be liable for false imprisonment. Dodds v. Board, 43 Ill. 95 (1867); Green v.

No. 35 Check Exchange, Inc., 77 Ill. App.2d 25, 222 N.E.2d 133 (1966). Defendants are not liable, however, if they did not procure the arrest.

 The judgment *n. o. v.* for defendants presents the question whether "all of the evidence, when viewed in its aspect most favorable to the [plaintiff], so overwhelmingly favors [defendants] that no contrary verdict based on that evidence could ever stand."[2] In terms of the present appeal, the question is whether there is any evidence to support the jury finding on special interrogatories that "such arrest [was] wrongfully directed or procured by [defendants]."

For a frame of reference in which to evaluate the evidence outlined above, other false-imprisonment cases are relevant. In Illinois cases holding a private party guilty of false imprisonment, the defendant has either directed an officer to arrest the plaintiff or has procured the arrest by giving information which was the sole basis for the arrest. Police in Green v. No. 35 Check Exchange, Inc., 77 Ill.App.2d 25, 222 N.E.2d 133 (1966), relied solely on the word of defendant's employees in arresting a man who had come in to cash a check. Similarly, defendant detained a customer and called the police to come and arrest him in Aldridge v. Fox, 348 Ill.App. 96, 108 N. E.2d 139 (1952). In Lindquist v. Friedman's, Inc., 366 Ill. 232, 8 N.E.2d 625 (1937), defendant forced plaintiffs, who were in possession of a counterfeit bill, to remain in a shop until police arrived and made the arrests. With manufactured evidence against his employee, defendant in Ferrell v. Livingston, 344 Ill. App. 488, 101 N.E.2d 599 (1951), directed a policeman to lock up plaintiff. But where a burglary victim merely made a complaint and gave information to the police, an Illinois court directed the verdict in favor of the private defendant. Shelton v. Barry, 328 Ill.App. 497, 66 N.E.2d 697 (1946).

2. Illinois State Trust Co. v. Terminal R.R. Ass'n, 440 F.2d 497, 500 (7th Cir.), cert. denied, 404 U.S. 855, 92 S.Ct. 100, 30 L.Ed.2d 96 (1971), adopting for Illinois cases the standard for directed verdicts and judgments *n. o. v.* from Pedrick v. Peoria & E.R.R. Co., 37 Ill.2d 494, 510, 229 N.E.2d 504, 513–14 (1967).

Other jurisdictions follow the same kind of distinction. In Fine v. Paramount Pictures, Inc., 171 F.2d 571 (7th Cir. 1948), upon which plaintiff here heavily relies, defendant's agents pressured the F.B.I. to arrest plaintiff and participated in a sale with marked bills. This court held that the jury should decide whether defendant had instigated the arrest.[3] For other cases of arrests resulting solely from the word or activity of defendants, see Gerald v. Caterers, Inc., 382 S.W.2d 740 (Mo.App. 1964); Knupp v. Esslinger, 363 S.W.2d 210 (Mo.App.1962); Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754 (1922). But giving information to police in itself is insufficient to constitute participation in an arrest. Stueber v. Admiral Corp., 171 F.2d 777 (7th Cir.), cert. denied, 336 U.S. 961, 69 S.Ct. 891, 93 L. Ed. 1113 (1949).[4]

These cases convince us that in this case there is no evidence that defendants directed or procured plaintiff's arrest. Defendants did not command the police to arrest plaintiff, nor did they identify plaintiff as the thief. They did not campaign to have the plaintiff accused of the alleged crime, since they considered at least 13 other employees as possible suspects. The police did not rely on accusations by defendants, because the officers were conducting an independent investigation which pointed to plaintiff.

All the witnesses were vague—and the attorneys failed to pin them down—as to precisely what happened and when it happened during the simultaneous investigations. Plaintiff wants the jury to infer from the three meetings and the exchange of information between police and defendants that there was a conspiracy to arrest him. But without evidence of who called the meetings or who, if anyone, pressed for the arrest, such an inference cannot arise.

From the evidence, defendants acted solely from their concern about the security of the A. O. Smith plant, and from a willingness to cooperate with the police. On such an insubstantial record, the trial court was correct in entering judgment *n. o. v.* for defendants. We affirm.

3. On retrial, the jury returned a verdict for defendant. See Fine v. Paramount Pictures, Inc., 181 F.2d 300 (7th Cir. 1950).

4. *Stueber* is not authority for plaintiff in this case, because it was a malicious-prosecution suit in which the question of fact was the state of mind of the signer of the complaint. In a subsequent appeal, this court found there was probable cause for the prosecution and directed entry of judgment for defendant. Stueber v. Admiral Corp., 185 F.2d 10 (7th Cir. 1950), cert. denied, 341 U.S. 914, 71 S.Ct. 735, 95 L.Ed. 1350 (1951).