DONNY L. MIDDLETON, Plaintiff-Appellant, *v.* THE KROGER CO., Defendant-Appellee.

Third District   No. 75-447

Opinion filed May 12, 1976.

Jack C. Vieley, of Peoria, for appellant.

Donald G. Beste, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Donny Middleton, filed suit against the defendant, The Kroger Co., a corporation, seeking a judgment for $10,000 based upon an alleged false arrest caused by the defendant. Thereafter the defendant filed its motion for summary judgment which was supported by three affidavits. The plaintiff filed an answer to defendant's motion for summary judgment accompanied by three supporting affidavits. On September 12, 1975, the trial court entered an order allowing the defendant's motion for summary judgment and dismissing the case with prejudice.

The events leading up to this suit occurred March 26, 1975. At about 11 p.m. the plaintiff, Donny Middleton, and two other young men entered the store of the defendant, The Kroger Company, at Sunnyland Plaza, located between East Peoria and Washington in Tazewell County, Illinois. Their conduct was loud and boisterous, and they wandered around the store, returning periodically to the liquor department where they were seen to take various bottles off the shelves and examine them. When they left the store they presented two six-packs of beer and a bottle of orange juice to the checkout girl, Kim Loree, and paid for them. Miss Loree was suspicious of their conduct and told the assistant manager in charge, Dave Sroka, that one of the three, later identified as the plaintiff, had a bulge under his coat when he left. Coupling this observation with plaintiff's conduct in the store and the purchase of orange juice and beer, two products not usually mixed, she told Mr. Sroka she thought they might have taken vodka from the liquor department and not paid for it. Upon receiving her report Mr. Sroka called the office of the sheriff of Tazewell County and asked that the matter be investigated.

Officer Larry Smith, as deputy sheriff, was in the vicinity of the store in a squad car at that time. When he got the call from his office with a description of the car he located the plaintiff and his companions, two other young men and several young women, almost at once. He looked in their car and found two unopened, unwrapped bottles of Smirnoff Vodka unaccompanied by any sales slip, the presence of the vodka in the car being unexplained by plaintiff or any of his companions. He thereupon confiscated the vodka, informed the plaintiff and his two male companions that they were under arrest, and asked them to accompany him to the police station at Washington, Illinois. This was done except that one of the men other than the plaintiff slipped away before they reached Washington. The officer then requested Mr. Sroka or someone from the

store to go to the police station to identify the plaintiff and his remaining companion as two of the individuals seen in the store. The identification was made as requested by the officer. Mr. Sroka asked Officer Smith if it would be necessary for him to sign a complaint, and the officer said no, that he had already arrested plaintiff and his companions. One of the men arrested informed Officer Smith that he had not taken the vodka from the defendant's store but that one of his two companions had taken it.

The plaintiff on the night in question was booked and given a notice to appear at a later date in the circuit court of Tazewell County. Neither he nor any of his companions were jailed or incarcerated at any time in connection with this episode.

The records of Tazewell County, Illinois, disclose that the criminal complaint against the plaintiff was dismissed on the date set for his appearance. This was done at the instance of the State's Attorney for the reason that he elected not to prosecute in the absence of a witness who had actually seen the plaintiff take the bottles of vodka off the shelves of defendant's store and leave without paying for them.

The plaintiff in response to defendant's motion for summary judgment filed three counteraffidavits, one of his own and the other two by passengers in the car. These counteraffidavits tended to show plaintiff had not taken any vodka from the store and he had no bulge in his clothing. The counteraffidavits of the two passengers of course referred to the absence of any bulge in his clothes at the time he got back into the car since these were not the persons who accompanied the plaintiff into the store. On this appeal the plaintiff argues the court erred in granting defendant's motion for summary judgment because there were disputed questions of material fact which should not have been resolved in a summary judgment procedure. Furthermore, according to plaintiff, the affidavits in support of defendant's motion for summary judgment were insufficient because they failed to include the legend that the affiants would be competent witnesses to testify to the facts contained in the affidavits.

■█ With respect to the second issue, namely, the failure of the affidavits to comply with Supreme Court Rule 191(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 191(a)), we believe it is sufficient to say this argument has been advanced for the first time on this appeal and no such objection was made to the affidavits before the trial court. As observed in *Fooden v. Board of Governors*, 48 Ill. 2d 580, 587, 272 N.E.2d 497, "And the sufficiency of an affidavit cannot be tested for the first time on appeal where no objection was made either by motion to strike, or otherwise, in the trial court. *Campione v. Henry C. Lytton & Co.*, 57 Ill. App. 2d 147." In support of his contention the trial court erred in the application of the foregoing rule the plaintiff refers to two items in the affidavits which he

claims raised disputed issues concerning material facts. These two facts are that plaintiff did not have a bulge in his pocket and that he did not steal the vodka. Also the plaintiff states "* * * that there are other disputes in the record which could not be reconciled by the trial court without a jury." Such general allegations as to the existence of disputed facts is insufficient to present any issue on appeal and in the absence of specificity it must be concluded that other disputed facts do not exist.

■■ With respect to the two facts which the plaintiff contends are disputed we must point out that these facts and hence any dispute regarding them are irrelevant to the issues necessary to his cause of action. According to the undisputed facts as alleged in the defendant's affidavits Kroger Company employees did not at any time sign a complaint against the plaintiff, did not request the police officer to arrest the plaintiff, and did not detain the plaintiff. As disclosed by the affidavits we believe there are no disputes concerning the material facts related to the existence of probable cause for plaintiff's arrest by Smith, the deputy sheriff. See *Odorizzi v. A. O. Smith Corp.*, 452 F.2d 229 (7th Cir. 1971), applying Illinois law.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.