UNIVERSAL FOODS CORPORATION, a Wisconsin Corporation, Plaintiff, Counter-Defendant,

v.

William LAURIX and Shaun Lappin, Defendants, Counter-Plaintiffs.

No. 81 C 2418.

United States District Court, N. D. Illinois, E. D.

Sept. 1, 1981.

Joseph R. Radzius, John F. Stimson, Chicago, Ill., for plaintiff, counter-defendant.

Larry Karchmar, Horne & Karchmar, Marshall A. Levin, Chicago, Ill., for defendants, counter-plaintiffs.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The Court today is confronted with the case of the great cheese robbery. Plaintiff, Universal Foods Corp., ("Universal"), has alleged that defendants William Laurix ("Laurix") and Shaun Lappin ("Lappin"),

have a lot of cheese—none of which properly belongs to them. Specifically, defendants are charged with misappropriating 17,560 pounds of cheese from plaintiff's Franklin Park warehouse.[1] Laurix contends that this charge—not the cheese—is odoriferous and has counterclaimed against plaintiff for malicious prosecution and false imprisonment arising out of his arrest on the purloined cheese charges.[2] This matter is currently before the Court on plaintiff's motion to dismiss the counterclaims on the grounds that they fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

According to Illinois law, the essential elements of the tort of malicious prosecution have been stated as follows:

(1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) its legal causation by the present defendant against plaintiff who was the defendant in the original proceeding, (3) its bona fide termination in favor of the present plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice, and (6) damages resulting to plaintiff. Each of these elements must be present.

*Freides v. Sani-Mode Mfg. Co.*, 33 Ill.2d 291, 295, 211 N.E.2d 286, 288 (1965). In his counterclaim, Laurix alleges that Universal swore out a complaint charging him with burglarizing the Universal warehouse, and that by reason of that complaint, Laurix was brought before the Court where he was acquitted of the charges brought against him. Laurix further alleges that Universal was without probable cause to suspect him of any criminal conduct and that Universal's primary purpose in bringing charges was to injure him in his good name, reputation, and credit.

■ These allegations state a claim for malicious prosecution under Illinois law. Universal argues that where a criminal

complainant in good faith swears out a complaint and submits facts fairly to the prosecuting attorney, the complainant cannot be held liable for malicious prosecution. *Carbaugh v. Peat*, 40 Ill.App.2d 37, 189 N.E.2d 14, 19 (2d Dist. 1963). Although Universal accurately states the law of malicious prosecution, it does not mandate dismissal of Laurix's counterclaim. In *Mathers Fund, Inc. v. Colwell Co.*, 564 F.2d 780, 783 (7th Cir. 1977), the United States Court of Appeals for the Seventh Circuit applied the following standard to a motion to dismiss pursuant to Rule 12(b)(6):

[O]n a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true; and, if it appears reasonably conceivable that at trial the plaintiff can establish a set of facts entitling him to some relief, the complaint should not be dismissed.

*See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Viewed in the light most favorable to Laurix, his complaint alleges Universal's bad faith in filing charges against him, and further alleges that Universal failed to fairly submit facts to the prosecuting attorney. Accordingly, Laurix's counterclaim does state a claim for malicious prosecution, and Universal's motion to dismiss that portion of the counterclaim must be denied.

■ On similar grounds, Universal's motion to dismiss Laurix's counterclaim for false imprisonment also must be denied. It is well settled in Illinois that "giving information to police in itself is insufficient to constitute participation in an arrest," but a private citizen who "procures" the arrest of an individual may be liable for false arrest. *Odorizzi v. A. O. Smith Corp.*, 452 F.2d 229, 231–32 (7th Cir. 1971); *accord, Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323 (7th Cir. 1978). Thus, in *Middleton v. The Kroger Co.*, 38 Ill.App.3d 295, 298, 347 N.E.2d 27, 29

1. Jurisdiction is alleged pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship.

2. Lappin also filed a counterclaim for malicious prosecution. This counterclaim, however, is so far from stating a claim for malicious prosecu-

tion under Illinois law that it does not even merit comment—which is probably why Lappin did not respond to Universal's motion to dismiss. Accordingly, Universal's motion to dismiss Lappin's counterclaim is granted.

(3d Dist. 1976), the court found no liability for false imprisonment where the defendants "did not at any time sign a complaint against the plaintiff, did not request the police officer to arrest the plaintiff, and did not detain the plaintiff."

In the instant case, however, Laurix alleges that Universal improperly swore out a complaint for his arrest, and police officers arrested him at the request of Universal. These allegations clearly constitute a claim that Universal unlawfully procured Laurix's arrest, and therefore Laurix's counterclaim for false imprisonment does state a claim upon which relief may be granted. *See Green v. No. 35 Check Exchange, Inc.*, 77 Ill.App.2d 25, 222 N.E.2d 133 (1st Dist. 1966). Accordingly, Universal's motion to dismiss Laurix's counterclaim must be denied. It is so ordered.