BECKER, Judge.
Plaintiff, Kerry MeNeely, appeals the trial court’s granting of a motion of a summary judgment on behalf of defendant Laboratory Specialists Inc. MeNeely filed suit against the Board of River Port Pilots Commission for the Port of New Orleans (here and after the Board), the individual commissioners, and Laboratory Specialists Inc. (here and after LSI), pursuant to 42 U.S.C. § 1983 alleging certain violations of his rights secured and protected by the Constitution of the United States of America. Specifically, MeNeely alleged that LSI was liable under section 1983 for aiding and abetting the Board in the termination of his employment and in so doing, denied him his right to due process of law. LSI subsequently filed a motion for summary judgment arguing that there were no genuine issues of material fact involved in this case; that is, LSI is purely a private entity and LSI did not commit any acts which deprived plaintiff of his constitutional rights. On this basis, the trial court granted the motion for summary judgment and dismissed all claims against LSI.
Plaintiff, Kerry MeNeely, had been a duly licensed and commissioned port pilot for the Port of New Orleans. Plaintiff was directly regulated by the Board. The Board is composed of three commissioned river pilots appointed by the Governor to serve at the will of the Governor. In late 1984 and early 1985 the Board determined that a state of imminent peril existed because of its perception of perceived usage of controlled dangerous substances by the members of the Crescent River Port Pilots Association. In response thereto, the Board adopted a controlled dangerous substance policy which, among other things, required random urinalysis testing of the members of the Crescent River Port Pilots Association.
In order to implement the urinalysis testing the Board retained the services of LSI. On January 30, 1985, LSI received a urine sample which had been submitted by the plaintiff, Kerry MeNeely. LSI subjected the urine sample to the various testing methods utilized by the laboratory and reported the results to the Board. On February 1, 1985, a second urine sample of the plaintiff was submitted for analysis. After testing the second sample, LSI reported the results to the Board. Following the submission of the second test results to the Board, the Board through Captain Douglas J. Grubbs, requested that LSI provide a written explanation of plaintiffs test results. LSI complied with this request. The report indicated that there was a trace amount of THC detected in the second sample.
Based on these reports, the Board suspended McNeely’s state pilot commission and ultimately recommended to the Governor that plaintiff’s state pilot commission be revoked. Plaintiff then subsequently filed suit against the Board and LSI alleging that LSI’s conduct was state action within the meaning of 42 U.S.C. § 1983. LSI then filed its motion for summary judgment alleging that it was a private entity and took no part in the decision of the Board to terminate McNeely’s employment or the proceedings held by the Board which led to the termination of plaintiff’s employment. MeNeely, in opposition to the motion for summary judgment, filed an affidavit attesting to the fact that LSI refused to allow plaintiff an opportunity to have the second urine sample resubmitted for independent testing. Plaintiff argued that this refusal on the part of LSI constituted action in concert with the state agency in denying plaintiff his constitutional rights.
*16 Without giving written reasons, the lower court concluded that the summary judgment was proper and dismissed with prejudice all claims against LSI. Plaintiff appeals this decision, arguing that the lower court clearly erred in granting the motion for summary judgment as LSI’s conduct was indeed state action within the meaning of 42 U.S.C. § 1983.
42 U.S.C. § 1983, provides in pertinent part,
“Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.”
Two elements are essential for recovery under this statute. A plaintiff must prove that the defendant has deprived him of a right secured by the “Constitution and laws” of the United States, and that the deprivation occurred “under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.” Adickes v. S.H. Kress and Company, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Butler v. Goldblatt Bros., Inc., 589 F.2d 323 (7 Cir.1978), cert. denied, 444 U.S. 841, 100 S.Ct. 82, 62 L.Ed.2d 53 (1979).
The plaintiff, therefore, has the burden of proving that defendant, LSI, acted under “color of law.” In construing this element, the United States Supreme Court has determined that private persons or entities, when “jointly engaged with state officials in the prohibited action, are acting ‘under color’ of law for purposes of the statute. To act ‘under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.” Bulter, 589 F.2d at 327, quoting United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966). For a private person’s conduct to the meet the “state action” requirement, there must be “a sufficiently close” relationship between the person and the state for the person to be treated as an agent of the state. Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982); Lugar v. Edmondson Oil Co, Inc., 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982); Howard Gault Co. v. Texas Rural Legal Aid, Inc., 848 F.2d 544 (5th Cir.1988); Roberts v. Louisiana Downs, Inc., 742 F.2d 221 (5th Cir.1984). This determination is made by “sifting the facts and weighing circumstances” of each individual case to determine if there is a “sufficient nexus” between the state and the actions of the private person. Burton v. Wilmington Parking Authority, 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961); Roberts v. Louisiana Downs, Inc., supra; Sims v. Jefferson Downs, Inc., 611 F.2d 609 (5th Cir.1980).
The record reveals that defendant LSI’s only participation in the termination of McNeely’s pilot license was the performance of laboratory tests on the urine samples submitted to LSI by the Board of Commissioner and the preparation and submission of reports on the results of the laboratory tests. Simply furnishing information to the Board of Commissioner does not create a sufficient nexus between the Board and LSI so as to make LSI a joint participant in the termination of McNeely’s pilot license. In Butler, a 42 U.S.C. § 1983 action, the Seventh Circuit Court of Appeals “declined to hold that the mere act of furnishing information to law enforcement officers constitutes ‘joint [activity] with state officials in the prohibited action, (that is, the allegedly unconstitutional arrest of Lewis).” 589 F.2d at 327.
Accordingly, we find that the trial court did not error in granting LSI’s motion for summary judgment. Defendant, LSI, has proven that there are no genuine issues of material fact and is entitled to judgment as a matter of law. La.C.C.P. art. 966.
The judgment of trial court dismissing plaintiffs claims against Laboratory, Spe *17 cialists, Inc. is hereby affirmed. Cost of this appeal to be born by Plaintiff.
AFFIRMED.